THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHERMAN ALEXANDER LYNCH, <br><br> Plaintiff, <br><br> v. <br><br> SEAN D. REYES, <br><br> Defendant. | **MEMORANDUM DECISION & DISMISSAL ORDER** <br><br> Case No. 4:20-CV-93 DN <br><br> District Judge David Nuffer |

Plaintiff, inmate Sherman Alexander Lynch, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2021). The Complaint, (ECF No. 1), is now before the Court for screening. *See* 28 *id.* § 1915A.

Plaintiff names one defendant: Utah Attorney General Sean Reyes. (*Id.*) He contends Defendant violated his federal constitutional rights by lying throughout Plaintiff's state and federal criminal and habeas proceedings, which he alleges resulted in his continuing invalid imprisonment. (*Id.*) He requests the following relief: injunctive relief (i.e., setting aside state and federal judgments against him regarding his murder conviction, and release from custody); costs and attorney fees (for state and federal proceedings as to his murder conviction); and damages for his allegedly wrongful conviction and incarceration. (*Id.*)

### SCREENING ANALYSIS

#### A. Standard of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary

relief against an immune defendant. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2021). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. *Heck*

The Supreme Court said in *Heck* "that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279

(10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendant violated his constitutional rights during state and federal criminal and habeas proceedings. These arguments attack Plaintiff's underlying conviction. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it would. If this Court were to conclude that Plaintiff's constitutional rights were violated in the prejudicial manner alleged by Plaintiff, it would be stating that Plaintiff's conviction and sentence were not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Instead, the opposite has happened; the conviction has been upheld at every turn. The Court must thus dismiss Plaintiff's claims for money damages

### C. Requested Habeas Remedy

Plaintiff's requests to have his conviction invalidated and for release from incarceration may be properly raised only in a habeas-corpus petition. *See* 28 U.S.C.S. § 2254 (2021). However, Plaintiff has already unsuccessfully challenged his conviction in state and federal court, apparently at all possible levels. *See., e.g., Lynch v. Nelson*, No. 2:17-CV-477-DS, 2018 U.S. Dist. LEXIS 231544 (D. Utah Nov. 21, 2018), *aff'd*, 763 F. App'x 764 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 258 (table), *post-judgment relief denied*, 2019 U.S. Dist. LEXIS 57993 (D. Utah Apr. 3, 2019). The very last citation identifies this Court's decision denying Plaintiff post-judgment relief in his past habeas case here and giving a thorough treatise regarding second-

or-successive habeas petitions. Plaintiff should review that information to determine whether he qualifies to file with the Tenth Circuit a motion for permission to file a second-or-successive habeas petition. *See* 28 U.S.C.S. § 2244 (2021).[1]

### D. Affirmative Link--Alternative Basis for Dismissal

Plaintiff argues that Defendant's lies throughout state and federal criminal and habeas proceedings resulted in Plaintiff's continuing illegal incarceration. However, the Court's review of state- and federal-court records--i.e., involving state trial and direct appeal, and state and federal post-conviction proceedings--reveals no instance in which Defendant was personally involved in or made any arguments or statements in this case. (ECF No. 1-16); *Lynch v. Benzon*, No. 2:17-CV-477-DS (D. Utah filed May 25, 2017) (ECF Nos. 1-42; 1-49; 32-3; 32-7; 32-8; 32-9; 41-1)). Indeed, Defendant was listed as a presiding attorney on many of the pleadings prepared by assistant attorneys general, but he was an overseer, not a participant, in these proceedings. And, earlier on in the proceedings, Defendant's predecessors in office (Mark Shurtleff and John Swallow)--not Defendant--were listed on the pleadings prepared by assistant attorneys general.

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each named defendant's personal participation is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff may not name an entity or individual as a defendant based

---

[1] The relevant text of this section is attached to this Order.

solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone insufficiently supports § 1983 liability).

Based on this standard, Plaintiff has not linked adequately linked Defendant to a civil-rights violation. This is another basis upon which to dismiss the Complaint.

### E. Prosecutorial Immunity--Alternative Basis for Dismissal

The Complaint further alleges claims of unconstitutional behavior by Defendant in seeking Plaintiff's criminal conviction and preservation of his conviction. Prosecutors acting within the scope of their duties enjoy absolute immunity from § 1983 actions. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Defendant's acts, as alleged by Plaintiff, regard advocacy in court proceedings. Defendant is therefore entitled to absolute prosecutorial immunity from claims as to prosecutorial advocacy.

### F. Standing

Inasmuch as the Complaint seeks relief for "the population of Utah State," (ECF No. 1, at 105), Plaintiff is notified that he has no standing, as a *pro se* plaintiff, to represent anyone but himself. *Sutton v. Doe*, 736 F. App'x 212, 213 (10th Cir. Aug. 31, 2018) ("Under certain limited circumstances, a 'next friend' can pursue an action on behalf of another. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, pro se litigants, as [Plaintiff] is in this case, may not bring 'next friend' suits. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)."). Any such arguments for relief are therefore disregarded and dismissed.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915A(b) (2021), for failure to state a claim on which relief may be granted. And, neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

DATED this 30 day of November, 2021.

BY THE COURT:

_____
DAVID NUFFER
United States District Judge

§ 2244. Finality of determination

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255 [28 USCS § 2255].
(b)
(1) A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS § 2254] that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS § 2254] that was not presented in a prior application shall be dismissed unless—
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)
(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)
(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.