THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHERMAN ALEXANDER LYNCH,<br><br>               Plaintiff,<br><br>v.<br><br>SEAN REYES,<br><br>               Defendant. | **MEMORANDUM DECISION &<br>ORDER DENYING MOTION FOR<br>RELIEF FROM JUDGMENT**<br><br>Case No. 4:20-CV-93 DN<br><br>District Judge David Nuffer |

On August 25, 2020, Plaintiff filed an initial pleading, entitled, "Petition for Redress Against Utah Attorney General Sean D. Reyes . . . Under the Fourteenth Amendment." (ECF No. 1.) He explained the point of his "Petition for Redress" as follows:

> Under the Fourteenth Amendment for deprivation, under color of Utah State law, of Lynch's constitutional right to due process of law secured by the Fourteenth Amendment Due Process Clause, and of Lynch's statutory right to a writ of habeas corpus secured by the Fourteenth Amendment Equal Protection Clause causing Lynch personal irreparable injury.

(*Id.*) He further cited, "The Fourteenth Amendment, which prohibits states from denying federal constitutional rights and which guarantees due process of law, applies to acts of the state, Civil Rights Cases, 109 U.S. 3, 11 (1883)." (*Id.*) As relief, he requested (1) a preliminary injunction; (2) the Court to set aside the judgments against him in separate civil cases he brought in this Court, Case No. 2:17-CV-477-DS, and state court, Case Nos. 110913691, 150900245, 150900286; (3) expenses of all those cases and this case; and (4) compensatory and punitive damages. (ECF No. 1.) The Petition named one defendant, Reyes, contending that Defendant

violated his federal constitutional rights by lying during Plaintiff's state and federal criminal and habeas proceedings, resulting in Plaintiff's continuing invalid imprisonment. (ECF Nos. 1.)

On November 30, 2021, the Court construed Plaintiff's "Petition for Redress" as a civil-rights complaint and dismissed it for failure to state a claim upon which relief may be granted. Federal law does not provide for an initial pleading to be entitled, "Petition for Redress." The Court was thus left to liberally construe the pleading, observing the substance of any causes of action and requests for relief, which the Court deemed to match up to a civil-rights complaint under 42 U.S.C.S. § 1983 (2023).[1] *See United States v. Black*, No. 22-8084, 2023 U.S. App. LEXIS 12303, at *3 (unpublished) (stating *pro se* pleadings to be construed liberally) (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

The grounds for dismissal were as follows: (1) a § 1983 action that would invalidate a plaintiff's underlying conviction may not be pursued unless the conviction has been reversed, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); (2) any habeas claims must be brought in a separate habeas petition; (3) Plaintiff's allegations did not affirmatively link Defendant Reyes to any potential constitutional claims; (4) prosecutorial immunity; and (5) lack of standing. (ECF No. 11.) The Court noted that "neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result." (*Id.*)

---

[1] This section reads in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.S. § 1983 (2023).

Plaintiff now moves "for relief from final order and judgment under FRCivP Rule 60(b)(1)" and permission "to amend petition for redress against Utah Attorney General Sean D. Reyes . . . under Fourteenth Amendment." (ECF Nos. 13, 14.) Federal Rule of Civil Procedure 60(b)(1) states in relevant part, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff asserts the Court made several mistakes that warrant the dismissal order to be vacated. (ECF No. 11, 13.) The Court explicitly addresses only the most significant of these, while firmly and completely rejecting all Plaintiff's arguments for post-judgment relief.

**(A) "Court mistakes Lynch's Fourteenth Amendment Petition is under 42 U.S.C. § 1983."** (ECF No. 13.) The Court was simply construing Plaintiff's claims under the causes of action with which they were most closely aligned. *See Black*, 2023 U.S. App. LEXIS 12303, at *3. A pro se plaintiff may not control the Court's interpretation of the type of action brought simply by naming an initial pleading whatever the plaintiff prefers. This is an action brought against a state employee, whom Plaintiff contends violated his federal constitutional rights, for which Plaintiff primarily seeks damages. These are the hallmarks of a federal civil-rights action. *See* 42 U.S.C.S. § 1983 (2023).

**(B) "Court mistakes . . . (i) Lynch's Petition for Redress is a Second Habeas Petition"; (ii) "Lynch . . . Attacks . . . Underlying Conviction"; (iii) "Lynch request[s] to Have Conviction Invalidated."** (ECF No. 13.) To the contrary, the Court was merely trying to ensure it did not miss anything substantive in its screening of Plaintiff's 110-page "Petition for Redress." (ECF No. 1.) Having seen that Plaintiff described one purpose of his initial pleading as

seeking to protect his "statutory right to a writ of habeas corpus secured by the Fourteenth Amendment Equal Protection Clause," (*id.*), the Court was trying to be thorough in notifying Plaintiff that he could not seek habeas relief in a civil-rights case and must instead seek it in a separate case if at all, (ECF No. 11). The Court stands by its words.

**(C) "Court Mistakes Whether or Not Defendants Swallow or Reyes were Participants in the Habeas Corpus Proceedings."** (ECF No. 13.) The Court was not mistaken. Defendant Reyes was the only defendant named and he was named in his position as Utah's attorney general, a supervisory role in this case. (ECF Nos. 11, 13.) This means he was not eligible to be affirmatively linked to the alleged constitutional violations. *See Crocker v. Glanz*, 752 F. App'x 564, 568 (10th Cir. 2018) (unpublished) ("§ 1983 does not authorize liability under a theory of respondeat superior.").

**(D) "Court Mistakes Defendant is Entitled to Prosecutorial Immunity in this Case."** (ECF No. 13.) Plaintiff is incorrect Plaintiff's claims alleged Defendant's unconstitutional behavior in pursuing and preserving Plaintiff's criminal conviction. These acts inherently involved advocacy in legal proceedings. And, prosecutors acting within the scope of these duties receive absolute immunity from § 1983 suits. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). The Court's confirms that its conclusion on this point remains in force.

## ORDER

Having comprehensively reviewed Plaintiff's arguments, the Court rejects all asserted bases for post-judgment relief.

**IT IS THEREFORE ORDERED** that:

**(1)** Plaintiff's motion for post-judgment relief is **DENIED**. (ECF No. 13.) This action remains closed.

**(2)** Plaintiff's motion to amend his initial pleading is **DENIED**. (ECF No. 14.) His arguments here mostly mirror his arguments in his motion for post-conviction relief, which were all rejected by this Court.

DATED this 5th day of June, 2023.

BY THE COURT:

_[signature]_
DISTRICT JUDGE DAVID NUFFER
United States District Court